IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

ORESTE YONG,

    Plaintiff,

    v.

HYATT REGENCY SACRAMENTO and
HYATT HOTELS CORPORATION,

    Defendants.

No. Civ. 06-2257 DFL EFB

MEMORANDUM OF OPINION
AND ORDER

    Plaintiff Oreste Yong filed an employment action in Sacramento County Superior Court, alleging various claims against defendants Hyatt Regency Sacramento and Hyatt Hotels Corporation (collectively "Hyatt"). Hyatt filed a timely notice of removal based upon diversity of citizenship. Yong seeks (1) remand due to lack of diversity and an insufficient amount in controversy and (2) attorneys fees for work related to the removal. For the following reasons, the court denies the motion.

I.

    Yong was employed by Hyatt for over fifteen years as a

1

houseman.  This action arises from Hyatt's termination of his employment, allegedly due to poor work performance.  Yong claims that Hyatt disciplined him and eventually terminated his employment because he is black and associated with union activity.

Yong advances six claims in his state action: (1) discrimination in violation of California's Fair Employment and Housing Act ("FEHA"); (2) violation of public policy; (3) breach of express contract; (4) breach of covenant of good faith and fair dealing; (5) breach of implied in fact promise not to terminate but for good cause; and (6) intentional infliction of emotional distress.  For relief, he seeks: (1) general and special damages; (2) incidental and consequential damages; (3) punitive damages; (4) prejudgment interest; and (5) cost of suit and attorneys fees.  Yong does not specify a recovery amount or make specific allegations regarding the monetary damages he has incurred through Hyatt's alleged misconduct.  On the action's cover sheet, he checked the "Unlimited" box, certifying that the amount demanded exceeded $25,000.  Hyatt filed a declaration in which its director of human resources stated that Yong earned $1,710.80 in salary and $193.45 in benefits per month at the time of his termination.

Hyatt removed the present action, stating that it satisfied 28 U.S.C. § 1332's requirements for diversity of citizenship and amount in controversy.  Yong moves for remand, arguing that Hyatt Regency Sacramento is a nondiverse party and that the amount in

1  controversy does not exceed $75,000.

2                                II.

3     Hyatt, as the removing party, must demonstrate that the
4  court has jurisdiction over Yong's action.  See Gaus v. Miles,
5  Inc., 980 F.2d 564, 566 (9th Cir. 1992).  It satisfies this
6  burden as to both diversity of citizenship and amount in
7  controversy.

8     Under 28 U.S.C. § 1332(c), a corporation's citizenship is
9  determined by its place of incorporation and principle place of
10 business.  Defendant avers that Hyatt Hotels Corporation, doing
11 business in Sacramento as Hyatt Regency Sacramento, is
12 incorporated in Delaware and has its principle place of business
13 in Illinois.  Yong, a California citizen, fails to rebut these
14 assertions.  Hyatt, therefore, has demonstrated that all parties
15 are diverse.

16    Pursuant to California law, Yong's state complaint does not
17 demand a specific damage amount.  See Singer v. State Farm Mut.
18 Auto. Ins. Co., 116 F.3d 373, 375-76 (9th Cir. 1997).  "Where the
19 complaint does not demand a dollar amount, the removing defendant
20 bears the burden of proving by a preponderance of evidence that
21 the amount in controversy exceeds [the statutory requirement]."
22 Id. at 376.  Although the amount in controversy is not facially
23 apparent, it is clear from the nature of Yong's claims for
24 compensatory damages, emotional distress damages, punitive
25 damages, and attorneys fees that the action seeks relief well
26 above the amount in controversy requirement.  See Kroske v. US

                                3

Bank Corp., 432 F.3d 976, 980 (9th Cir. 2005).

Since the court finds that it has jurisdiction, it denies Yong's fee request.

### III.

For these reasons, the court DENIES the motion.

IT IS SO ORDERED.

Dated: 2/8/2007

_____
DAVID F. LEVI
United States District Judge